IN RE INTERESTS OF PAMELA DENISE ANDERSON ET AL., CHIILDREN UNDER EIGHTEEN YEARS OF AGE.
ETHEL ANDERSON, APPELLANT, v. GORDON E. DOESCHOT, CHIEF PROBATION OFFICER, APPELLEE.

197 N. W. 2d 384

Filed May 12, 1972. No. 38227.

McGrath, North, Nelson, Shkolnick & Dwyer, for appellant.

Donald L. Knowles, Colleen R. Buckley, and Roger R. Holthaus, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and WARREN, District Judge.

BOSLAUGH, J.

This is an appeal by Ethel Anderson from an order of the separate juvenile court of Douglas County, Nebraska, terminating her parental rights to two minor

children. The children, born July 17, 1966, and November 7, 1968, have separate fathers and were born out of wedlock.

On April 7, 1970, the juvenile court found the children were dependent and neglected and terminated the parental rights of each father. The parental rights of the appellant were not terminated but the children were placed in the temporary custody of the Douglas County welfare administration. The appellant was granted reasonable visitation privileges including weekend privileges. The matter was continued until July 2, 1970, and the appellant was ordered to find a suitable home for the children; obtain suitable employment; and keep the juvenile court informed of her whereabouts and her address.

Further continuances were granted at the request of the appellant, and on January 8, 1971, the appellant was ordered to appear April 8, 1971, and demonstrate her fitness to have the children returned to her custody.

On March 22, 1971, a supplemental petition was filed alleging the appellant had visited the children only 6 times since December 31, 1969; the appellant had failed to obtain and hold gainful employment and had failed to provide a suitable home for the children; the appellant had been convicted of petit larceny on April 16, 1970, and of carrying a concealed weapon on July 2, 1970; and the parental rights of the appellant should be terminated. On May 6, 1971, the juvenile court found that the parental rights of the appellant should be terminated and placed the custody of the children in the Department of Public Welfare, State of Nebraska. From this order the appellant has appealed.

At a hearing on April 8, 1971, Flora Rollerson, a foster mother who had taken care of the children since March 1970, testified that the appellant had visited the children 7 or 8 times in the past year. The appellant had not visited the children since Christmas in 1970.

William Webb, an employee of the Douglas County

social service, testified as to his difficulty in trying to locate the appellant. The appellant had lived with friends and did not maintain an apartment or home of her own. The appellant had been employed by 4 different employers but only for relatively short periods of time.

The appellant's testimony disclosed that she had not rented an apartment until the day of the hearing or several days before. Her testimony conflicted in some particulars with that of the witnesses called by the county attorney but there was no substantial dispute as to the material facts alleged in the supplemental petition.

At the hearing on May 6, 1971, the chief adult probation officer for Douglas County testified that the appellant had failed to comply with the terms of a probation order entered on July 28, 1970. At this hearing the appellant's counsel stated the appellant was having some health problems and requested that final disposition of the matter be continued. The juvenile court refused this request and terminated the appellant's parental rights to the children.

An order of the juvenile court regarding the custody of children will not be disturbed unless there is a clear abuse of discretion or the decision is against the weight of the evidence. State v. Randall, 187 Neb. 64, 187 N. W. 2d 586. The appellant failed to comply with the order of April 7, 1970, and demonstrated her inability to care for the children. The record sustains the findings and order of the juvenile court.

The order of the separate juvenile court is affirmed.

AFFIRMED.